IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-02702-NRN

DAVID GRADY,

Plaintiff,

v.

SWIRE COCA-COLA COMPANY,

Defendant.

## ORDER DENYING
## DEFENDANT'S MOTION TO DISMISS SECOND AMENDED COMPLAINT (DKT. #48)

**N. Reid Neureiter, United States Magistrate Judge**

This matter is before the Court on Defendant Swire Coco-Cola's ("Swire") Motion to Dismiss Second Amended Complaint (Dkt. #48), filed December 6, 2018. Having carefully reviewed Defendant's motion, Plaintiff David Grady's response (Dkt. #49), and Swire's reply (Dkt. #50), and having heard and considered the arguments of counsel presented at a hearing held on January 9, 2019, Defendant's Motion is **DENIED**.

### I. Plaintiff David Grady's Allegations

Mr. Grady is deaf. (Dkt. #51 at ¶ 1.) Swire's predecessor hired Mr. Grady in September 2013, and he became an employee of Swire in May 2014. (*Id.* at ¶¶ 2-3.) Mr. Grady expressed interest in obtaining a commercial driving position with Swire in the Spring of 2015. (*Id.* at ¶ 4.) He obtained a hearing exemption to operate commercial motor vehicles from the U.S. Department of Transportation, Federal Motor Vehicle Carrier Safety Administration, and took written tests with the Colorado Department of Motor Vehicles, and obtained his commercial driver's license learner's permit. (*Id.* at ¶

1

5.) Having met the requirements to be hired, Swire offered Mr. Grady employment as a driver to begin in August 2015. (*Id.* at ¶ 6.) But in August 2015, Swire informed Mr. Grady he would not be hired. Mr. Grady alleges that a Swire Human Resources representative informed him that Swire's management did not want deaf people driving for Swire. (*Id.*)

Mr. Grady filed his first EEOC complaint in September 2015, after being told he would not be hired as a driver. (*Id.* at ¶ 7.) In April 2016, Mr. Grady took and passed the Department of Transportation (DOT) test and obtained his commercial driver's license. (*Id.* at ¶ 9.) Mr. Grady alleges that when it became apparent he would obtain his license, Swire began scrutinizing his performance to find reasons to discipline him, in furtherance of Swire's desire not to employ deaf people in driving jobs. (*Id.* at ¶ 10.) According to the Second Amended Complaint, drivers starting out and learning the job of driving who did not have any hearing impairment were not subject to similar scrutiny and formal discipline. (*Id.*)

Within a few weeks of obtaining his DOT license, Mr. Grady says Swire transferred him back to his non-driving job. (*Id.* at ¶11.) Then, on July 1, 2016, Defendant fired Mr. Grady allegedly because he had cut himself opening a box, part of his non-driving duties. (*Id.* at ¶12.) Mr. Grady claims that Swire's use of a minor job-related injury as grounds for firing Mr. Grady was a pretext for dismissing him in retaliation for his protected activity of filing his initial EEOC complaint, and in furtherance of Swire's desire not to have deaf people driving for Swire. (*Id.* at ¶13.) Mr. Grady timely raised the issue of his termination with the EEOC.

Mr. Grady alleges he has exhausted his administrative remedies by filing complaints with the EEOC in a timely manner. He received two "right to sue" letters from the EEOC, one on August 16, 2017, and the other dated August 18, 2017. (*Id.* at ¶15.)[1] In terms of the relief sought, Mr. Grady seeks injunctive relief, back pay and front pay, exemplary damages, as well as his attorneys fees and costs. (*Id.* at ¶ 16.)

## II. Defendant Swire Coca-Cola's Motion to Dismiss

Swire has moved, pursuant to Fed. R. Civ. Pro. 12(b)(6), to dismiss the Second Amended Complaint for failure to state a claim, and seeks dismissal of the entire action with prejudice. Swire argues that Mr. Grady's Second Amended Complaint fails to contain sufficient factual matter to meet the "plausibility" standard set by the Supreme Court in the famous cases of *Iqbal* and *Twombly*. In support of its position, Swire argues that because Mr. Grady includes additional factual allegations in his legal complaint that are not reflected in his EEOC charging document, those allegations must be ignored for failure to exhaust administrative remedies. And when one ignores the additional allegations, Swire argues, Mr. Grady's Second Amended Complaint "is legally deficient for facial implausibility and failure to comply with Rule 8 of the Federal Rules of Civil Procedure." (Dkt. #48 at 1.)

## III. Standard for Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The court's function on a Rule 12(b)(6) motion is not to weigh potential

---

[1] The Court notes that the EEOC right to sue letters were attached to the Amended Complaint (Dkt. #11), not the Second Amended Complaint, and they are dated August 7, 2017 and August 18, 2017, respectively. (Dkt. #11-1 and #11-2.)

evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall*, 935 F.2d at1198. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

The *Iqbal* evaluation requires two prongs of analysis. First, the court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. *Id.* at 679–81. Second, the court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id.* at 681. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id.* at 679.

However, the court need not accept conclusory allegations without supporting factual averments. *Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*,

4

556 U.S. at 678. Moreover, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (citation omitted).

### IV. Plaintiff's Discrimination Allegations are Sufficient to State a Claim for Relief

Swire's main argument with respect to Mr. Grady's discrimination claim is that, in his Second Amended Complaint, Mr. Grady added a specific allegation that is not included in his formal EEOC charge, and that because the EEOC charge did not include that allegation, it must be ignored for failure to exhaust administrative remedies. The allegation at issue is found at Paragraph 6 of Mr. Grady's Second Amended Complaint. (Dkt. #51.) There, Mr. Grady alleges that in August of 2015, "a Human Resources representative informed Plaintiff that Defendant's management did not want deaf people driving for Swire." (Dkt #51 at ¶ 6.)

Swire is correct that this statement is not included in the EEOC charge. Swire argues this statement is a specific act of discrimination, an unlawful employment practice unto itself, and therefore needed to be included in the EEOC charge for Mr. Grady to have properly exhausted his administrative remedies. Citing, among other cases, *Dunlap v. Kan. Dep't of Health and Env't*, 127 F. App'x 433, 438 (10th Cir. 2005), Swire argues that each incident of discrimination and each retaliatory adverse employment decision constitutes a separate incident that must be included in an employee's EEOC charge in order to be included in a subsequent lawsuit. Swire argues

5

that this statement, allegedly made by a Swire Human Resources representative, that Swire did not want deaf people driving constitutes a separate and independent discriminatory act, which should have been included in the EEOC charge for it to be included as part of Mr. Grady's lawsuit.

I do not read Mr. Grady's Second Amended Complaint this way. On a Rule 12(b)(6) motion to dismiss for failure to state a claim, the complaint must be liberally construed with reasonable inferences being made in favor of the non-moving party. *Brokers' Choice of America, Inc. v. NBC Universal, Inc.*, 861 F.3d 1081, 1104 (10th Cir. 2017). Mr. Grady's EEOC charge specifically alleges he was denied a promotion because of his disability, and was denied the position of driver because of his disability or because he was regarded as disabled. (Dkt. #48-1 (EEOC Charge of Discrimination dated September 15, 2015).) The allegation that he was told by a Swire Human Resources representative that Swire did not want deaf people driving was not necessarily a separate act of discrimination. Rather, it is reasonable to infer it is evidence of discrimination—proof tending to show the discrimination occurred.

As Mr. Grady clarified via a sign language interpreter at the hearing on Swire's motion, the Swire Human Resources representative was not necessarily speaking in an official capacity when this information was shared with Mr. Grady. Instead, it was shared by someone who Mr. Grady felt had been his ally, giving him inside information about why he had not been given the position of driver.

There is no requirement that every piece of evidence used to support a charge of discrimination be included in the charge itself. It is reasonable to infer that this allegation from the Second Amended Complaint is evidence proffered to support the

discrimination against Mr. Grady, rather than a separate, discrete act of discrimination. The discriminatory act here was Swire's refusal to give Mr. Grady the position of driver allegedly because he is deaf. The fact that another Swire employee later told Mr. Grady that Swire did not want deaf people driving was not a separate act of discrimination. Accordingly, I find that Mr. Grady adequately exhausted his administrative remedies with respect to his discrimination claim.

I further find that Mr. Grady adequately states a claim for discrimination under Rule 12(b)(6). Swire claims that Mr. Grady does not allege that he is qualified for a driver position—which is an element of an ADA discrimination claim. The Court disagrees. Mr. Grady alleges in his Second Amended Complaint that he obtained his learner's permit, took written tests with the Colorado Department of Motor Vehicles, and received a hearing standard exemption, thereby "meeting the requirements to be hired." (Dkt #51 at ¶ 6.) This sufficiently alleges that he was qualified to do the job of a driver. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 677. I find that Mr. Grady has adequately pled a claim for discrimination based on his disability.

Swire also argues that Mr. Grady's retaliation claim should be dismissed because there are insufficient facts connecting Mr. Grady's EEOC charge and his later termination. Swire argues that the eight or nine-month passage of time between his EEOC charge and the termination is insufficient to establish causation for purposes of alleging a plausible claim as a matter of law.

In the absence of direct evidence of discrimination, a plaintiff must allege the following to state a claim of retaliation: "(1) he engaged in protected activity; (2) he suffered an adverse employment action; and (3) there is a causal connection between his protected activity and the adverse employment action." *Davis v. United Sch. Dist. 500*, 750 F.3d 1168, 1170 (10th Cir. 2014). To state a claim of retaliation under the ADA, a plaintiff must allege: "(1) that [an employee] engaged in protected opposition to discrimination, (2) that a reasonable employee would have found the challenged action materially adverse, and (3) that a causal connection existed between the protected activity and the materially adverse action." *E.E.O.C. v. Picture People, Inc.*, 684 F.3d 981, 988 (10th Cir. 2012). In the Title VII context, the United States Supreme Court has recently clarified the third element, stating a plaintiff "must establish that his or her protected activity was a but-for cause of the alleged adverse action by the employer." *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 133 S.Ct. 2517, 2534 (2013).

I find that it would be premature to dismiss Mr. Grady's retaliation claim, on a motion to dismiss, prior to any discovery. Of course, at the summary judgment stage, if Mr. Grady can produce no substantive evidence linking his termination from employment to the filing of his EEOC complaint, the eight to nine month interval between his EEOC filing and his termination may prove fatal to his retaliation claim. *See Kenfield v. Colo. Dept. of Public Health and Environment,* 557 Fed. Appx. 728 (10th Cir. 2014) (affirming grant of summary judgment on retaliation claim where alleged adverse action occurred more than six months after filing of EEOC charge and there was no other evidence to support inference that loss of promotion was caused by EEOC complaint).

**Conclusion**

For the reasons stated above, Defendant Swire's Motion to Dismiss Mr. Grady's Second Amended Complaint (Dkt. #48) is DENIED. Discovery in this case has been stayed (Dkt. #44) pending a decision on Defendant Swire's Motion to Dismiss, and that stay is hereby LIFTED. This case dates from 2017 and progress needs to be made. The Parties are ORDERED, within ten days from the date of this Order (i.e. on or before **February 1, 2019**), to file a revised proposed scheduling order with the Court with new realistic deadlines for the completion of discovery, expert discovery disclosures, and dispositive motions. The parties are also directed to email a Word version of the revised proposed scheduling order to Court Chambers, neureiter_chambers@cod.uscourts.gov.

The Court will hold a scheduling conference to address the new proposed deadlines on **Tuesday, February 5, 2019, at 3:30 p.m.** in Courtroom C205 in the Byron G. Rogers Courthouse, 1929 Stout Street, Denver, Colorado, at which time the Court will set a final pretrial deadline and trial date.

Dated this 22nd day of January.

_____
N. Reid Neureiter
United State Magistrate Judge